# CRANDELL *v.* CLASSEN.

CONTRACTS; MARRIED WOMEN; EVIDENCE.

1. Where, on an appeal, the appellant in an action for breach of contract, the defendant below, contends that the appellee at the time of the purchase of certain stock was a married ·woman, and therefore not en-

titled to recover, but the record merely shows that the appellee testified on the trial that she was married, this court cannot infer that the contention of the appellant is true, and that the appellee was married at the time of such purchase.

2. In an action to recover damages for breach of contract to repurchase certain stock sold to the plaintiff, it was *held* that, under the circumstances of the case, a letter from the defendant to the plaintiff, agreeing to make the repurchase, and mentioning the price of the stock, was admissible in evidence to show the promise to repurchase, the price of the stock, and its delivery.

No. 1432. Submitted January 20, 1905. Decided February 7, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action for breach of contract to repurchase certain shares of stock. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Victor H. Wallace* for the appellant.

*Mr. Tracy L. Jeffords* and *Mr. George P. Chase* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This appeal is from a judgment entered upon the verdict of a jury in favor of Constanze Classen, the appellee, the plaintiff below, for $400, the full amount claimed, less $30 received by the appellee from one Browne from funds placed in his hands by the appellant, Lusanah A. Crandell, with interest from January 1, 1902.

The material facts of the case are, that in June, 1901, the appellee purchased of appellant, thirty shares of the stock of the Kretol Chemical Company, a corporation, and paid her own money for the same. Eight shares were issued in her name and twenty-two shares in the name of Wanda Meta Steffens, her daughter. The certificates of stock representing the purchase were received by the appellee and remained in her possession until she returned them to the appellant on December 28, 1901. The purchase is alleged to have been made upon an agreement

that the appellant would redeem the stock at the price paid for it by appellee should the purchase at any time prove unsatisfactory to her. The appellant failed to repay the amount paid by appellee for the stock, and this suit thereafter was brought. The appellant denied making any such agreement as was claimed by the appellee, and testified that the stock was brought to her for the purpose of having it redeemed by one Browne. The testimony upon this point is conflicting; but, the case having been submitted to the jury, and the jury having found for the appellee, we can only consider the questions of law presented by the assignment of error.

1. The first alleged error is based upon the refusal of the court to instruct the jury that, if it should find from the evidence in the case that the appellant promised the appellee, as a condition of the purchase of the stock, that the appellant would redeem the same at any time should it prove unsatisfactory to her, and that if the appellee, relying upon this promise, did thereafter purchase the stock, nevertheless the appellee was not entitled to recover the amount paid for the stock issued in the name of her daughter, Wanda Meta Steffens.

This request does not state the reason why a recovery for the stock so issued could not be had, but we infer that it is based upon the contention that plaintiff was a married woman at the time of the purchase of the stock, and that therefore, under the married woman's act of June 1, 1896, in order to hold as a part of her separate estate any property purchased with her own money, it must be invested in her own name.

As we view it, it is unnecessary to pass upon the correctness of appellant's contention, for the reason that there is nothing in the record which shows that the plaintiff was a married woman at the time when she purchased the stock. It is true that the appellee testified that she was married, but it does not follow from that that she was a married woman at the time when she purchased the stock. We are not permitted to infer anything. If the appellant desired to raise the point, the fact upon which it is based should have been proved, and not left to inference.

The bill of exceptions does not set forth any evidence upon

which the appellant was entitled to ask the court to instruct the jury as set forth, and, therefore, the court, in denying the prayer and in refusing to so instruct the jury, was not in error, and the exception was not well taken.

2. The second alleged error is based upon the admission in evidence of a certain letter, under date of June 1, 1901, written by appellant to the appellee.

The letter reads as follows:

> June 1st, 1901.
> 610 H street N. W., Washington, D. C.
>
> My Dear Mrs. Classen:
>
> For your $320 which I sent up to Mr. Browne I received the inclosed stock. If at any time it is not satisfactory, bring or send it to me and I will redeem it at the price you paid. Yesterday I received a note from "headquarters" putting the price at $17.50. To-day some has come in and you have the benefit. Let me hear from you and your daughter, to whom give my morning greetings. Send the address for forwarding your interest, due the first week in July next. With good wishes for your future and "good luck" with your Kretol stock,
>
> Your friend,          L. A. Crandell.
>
> I inclose the note I mentioned to you as putting the price $17.50. The portion I cut off was strictly private. You will know if it is correct.

Counsel for appellant insists that, if the first assignment of error is well taken, the letter was inadmissible, as it related to the stock issued in the name of Wanda Meta Steffens, the purchase price of which stock could not be recovered in the present suit; and that it was inadmissible as to Mrs. Classen's stock because by its term the letter refers only to the stock issued in the name of Wanda Meta Steffens.

As we have overruled the first error assigned, appellant's contention that the letter is inadmissible cannot be sustained, for the letter relates to the certificate for the twenty-two shares of stock which was purchased at the price of $15 per share, and it was clearly admissible to prove the promise of redemption,—at least

as to the twenty-two shares. Furthermore, it was admissible to show the price of that stock and the date of its delivery.

Neither of the assignments of error is well taken, and consequently there was no error in the court below.

It follows that the judgment of the trial court should be *affirmed with costs, and it is so ordered.*